UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT G. MODRALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00250 |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION *et al.*, | ) ) | Judge McDonough/ Steger |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

Robert G. Modrall, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 2]. Under 28 U.S.C. § 1915(e)(2), the Court must screen all actions filed by plaintiffs seeking *in forma pauperis* status and dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008). For the reasons stated herein, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

### II. Factual Background

Plaintiff brings the Complaint pursuant to approximately twenty different statutes, as well as the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. [Doc. 1

at 3]. The named defendants are Adele Rapport and Leticia Soto, but they are not mentioned anywhere else in the Complaint. [*Id.* at 2]. Plaintiff alleges that in 2009, he produced evidence of criminal misconduct on the part of former President Barak Obama, former United States Senator Bob Corker, and numerous others. [*Id.* at 5]. He appears to suggest that since this reporting, he has been stonewalled by the federal courts, retaliated against, and threatened by "all Federal agencies and many academic institutions." [*Id.*]. He alleges that "following a Global Leadership conference at the Russian Presidential Academy," he applied for political asylum in France, where he had been offered a doctorate in international relations. [*Id.*]. After fleeing the "atrocity crimes of the Obama administration," he was tortured "yet again" by the French government. [*Id.* at 5, 6]. He seems to suggest a connection between these allegations and his inability to obtain admission to unspecified academic institutions. [*Id.* at 5].

The exhibits to the Complaint document the myriad ways Plaintiff has pursued his grievances. [Doc. 1-1]. They include numerous federal lawsuits, judicial misconduct complaints, police reports against Johns Hopkins University, misconduct reports to the Office of Special Counsel, over a dozen complaints filed with the Office for Civil Rights for the Department of Education, and four EEOC charges. In this action, Plaintiff does not request money damages. Rather, he seeks a permanent injunction against the Department of Education from harming him, admission to Princeton University and Cornell Law School, and similar injunctive measures.

### III. Standard of Review

Generally, the standard to state a claim under 28 U.S.C. § 1915(e)(2) is the same as that required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court accepts all well-pleaded factual allegations in

the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, section 1915(e) also requires the Court to dismiss an action that "is frivolous or malicious." 28 U.S.C.A. § 1915(e)(2). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded on other grounds by* 28 U.S.C. § 1915). A complaint is legally frivolous if it presents "indisputably meritless" legal theories and factually frivolous if it relies on "fantastic or delusional" allegations. *Id.* "The standard is not whether the district court believes the [plaintiff]—rather, it is whether the facts are rational." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

**IV. Analysis**

Plaintiff's Complaint does not make an arguable legal claim and is not based on rational facts. Plaintiff says he is a whistleblower who has been personally terrorized by a former President, former United States Senator, numerous federal judges, and every federal agency. He claims the campaign against him extends to the Department of Education, which has somehow thwarted his efforts to attend various academic institutions. These allegations are only slightly less fanciful than the textbook examples provided by the Sixth Circuit of "petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts." *Lawler*, 898 F.2d at 1199.

There is no need to belabor the point. Plaintiff's allegations are incomprehensible and have no basis in reality. He references over twenty federal statutes without drawing any connection between those statutes and his factual allegations. He does not identify his cause of action and the named defendants are never mentioned. Whatever the nature of his claims, they arise out of facially frivolous allegations and must be dismissed.

Finally, because of Plaintiff's history of vexatious filings, the undersigned recommends Plaintiff be referred to Chief Judge Pamela L. Reeves pursuant to SO-18-04 for consideration of the propriety of an injunction on his filing abilities. *See* E.D. Tenn. No. SO-18-04. Plaintiff has filed eight prior lawsuits in the United States District Court for the Eastern District of Tennessee.[1] Five were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). A PACER search reveals that Mr. Modrall has filed at least seventeen other federal lawsuits since 2014, primarily in the United States District Court for the District of Columbia. A cursory review of these filings suggests many are similar in tone and substance to those filed in this District.[2]

## V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED AS MOOT**.

---

[1] *Modrall v. Hamilton County et al.*, 1:14-cv-130 (dismissed pursuant to § 1915(e) as frivolous and for failure to state a claim); *Modrall v. Lee*, 1:14-cv-227 (dismissed pursuant to § 1915(e) as frivolous and for failure to state a claim); *Modrall v. Killian et al.*, 1:14-cv-327 (dismissed for failure to prosecute); *Modrall v. Collier*, 1:15-mc-14 (no filing fee or application to proceed *in forma pauperis* filed); *Modrall v. Carter et al.*, 1:14-cv-257 (dismissed pursuant to § 1915(e) as frivolous); *Modrall v. Guyton*, 3:15-cv-251 (dismissed pursuant to § 1915(e) as frivolous and malicious and for failure to state a claim); *Modrall v. Lee*, 1:15-cv-155 (dismissed pursuant to § 1915(e) as frivolous and malicious); *Modrall v. Carter*, 1:15-mc-15 (no filing fee or application to proceed *in forma pauperis* filed).

[2] For example, in *Modrall v. Frey et al.*, 1:2016-cv-01123, Plaintiff raises similar conspiracy theories regarding Barak Obama, and in *Modrall v. Johns Hopkins University et al.*, 1:2016-cv-01566, he claims to have "more authority and clearance than anyone in the country" and accuses the University of retaliating against him for reporting misconduct.

It is further **RECOMMENDED** that Plaintiff Robert Modrall be referred to Chief Judge Pamela L. Reeves pursuant to SO-18-04 for consideration of whether an injunction on his filing abilities is appropriate.[3]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to Rule 72(b)'s requirements. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).