# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT G. MODRALL, | ) | |
| | ) | Case No. 1:19-cv-250 |
| *Plaintiff,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## ORDER

---

Plaintiff Robert Modrall filed his complaint in this action on September 3, 2019, as well as a motion to proceed in forma pauperis.[1] (Docs. 1, 2.) On May 6, 2020, United States Magistrate Christopher H. Steger filed his report and recommendation (Doc. 10) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Steger recommended that this action be dismissed without prejudice and that Plaintiff's application to proceed be denied as moot. (*Id.*) On May 20, 2020, Plaintiff filed objections to the report and recommendation (Doc. 12). For the following reasons, the Court will **ACCEPT** and **ADOPT** the report and recommendation (Doc. 10) pursuant to 28 U.S.C. § 636(b)(1), and **ORDER** that the action be **DISMISSED WITHOUT PREJUDICE**.

---

[1] This is not Modrall's first time filing a case in this Court. Rather, Modrall has filed numerous cases, all of which have been dismissed for failure to state a claim. (*See* Doc. 1 in Case No. 3:20-mc-33.) On May 19, 2020, based on Plaintiff's repeated "frivolous and harassing litigation in this Court," Chief United States District Court Judge Pamela Reeves entered an a permanent injunction against Plaintiff, placing certain filing restrictions of him, as well as restrictions on his interactions with the Court and its employees. (*See id.*)

# I. BACKGROUND

As Magistrate Judge Steger noted In his report and recommendation, Plaintiff's complaint references approximately twenty different statutes, as well as the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. In addition to the United States Department of Educaiton, the complaint names Adele Rapport and Leticia Soto as defendants but fails to include any specific allegations about them. Rather, as Magistrate Judge Steger summarized, Plaintiff alleges that he has produced evidence of criminal misconduct undertaken by former President Barak Obama, former United States Senator Bob Corker, and others. Plaintiff further alleges that he has applied for asylum in France, and, after fleeing "atrocity crimes of the Obama administration," he was tortured by the French government. In addition to these allegations, Plaintiff attached numerous exhibits to his complaint, referencing, among other things, numerous federal lawsuits, judicial misconduct complaints, police reports, and charges filed with the Equal Opportunity Employment Commission. Relying on these these exhibits and his allegations, Plaintiff seeks, among other things, an injunction against the United States Department of Education and admission to Princeton University and Cornell Law School.

Although Plaintiff has objected to Magistrate Judge Steger's report and recommendation, Plaintiff's objection fails to clarify his allegations or specify how his allegations state a claim for relief. (*See generally* Doc. 12.) Additionally, the Court's independent review of Plaintiff's complaint and Magistrate Judge Steger's report and recommendation confirms that the background set forth in the report and recommendation, including the summary of Plaintiff's allegations, is accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation (Doc. 10).

## II.    STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1).  Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Id.*  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*  The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## III.    ANALYSIS

Although Plaintiff filed an objection to Magistrate Judge Steger's report and recommendation, the objections are "not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver*, 304 F. Supp. 2d at 937.  While Plaintiff's objection devotes significant time to questioning and attacking Magistrate Judge Steger's intellect, it completely fails to show how the allegations in his complaint state a claim for relief.  After independently reviewing Plaintiff's complaint and the report and recommendation, the Court agrees with Magistrate Judge Steger's well-reasoned conclusions and his stated reasons for recommending dismissal of Plaintiff's claims.

## IV.    CONCLUSION

For the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** the Magistrate Judge Steger's report and recommendation (Doc. 10) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**