UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROBERT G. MODRALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF EDUCATION *et al.*, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-00250 <br><br> Judge McDonough/ Steger |

## REPORT AND RECOMMENDATION

### I. Introduction

Robert G. Modrall, *pro se*, has filed an application to proceed *in forma pauperis* regarding his appeal to the United States Court of Appeals for the Sixth Circuit. [Doc. 17]. For reasons that follow, the undersigned recommends that the application be denied and the District Court issue a certification that the appeal is not taken in good faith.

### II. Analysis

Pursuant to Federal Rule of Appellate Procedure 24(a), "a non-prisoner who desires to appeal in forma pauperis must first file a motion seeking such relief with the district court." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Rule 24(a)(1) requires the applicant to provide, *inter alia*, financial information regarding his inability to pay and a statement of the issues that the party intends to present on appeal. Fed. R. Civ. P. 24(a)(1). Once filed, "the district court must ascertain both the individual's pauper status and the merits of the appeal." *Callihan*, 178 F.3d at 803. "If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status . . . , the district must state its decision in writing . . . and then immediately notify the parties of its decision." *Id.*

In his application, Plaintiff describes the "nature of [his] action, defense, or other proceeding or the issues [he] intend[s] to present" as follows:

> Having already incurred irreparable harm in loss of time, income, unnecessary expense, etc. I work to pay application fees to "academic" institutions receiving funding from the United States and systemically discriminating against me due to my status as a whistleblower making it impossible to even meet the most basic needs of human existence.

[Doc. 17 at 2]. He states that his gross and net income are both $252 per month and that he has $800 in his bank account. [*Id.* at 3, 5]. His monthly expenses total $500, though he lists only rent, gas, and telephone bills as expenses. [*Id.* at 8].

"An appeal is not taken in good faith if the issue presented is frivolous." *Wilson v. Todd*, 178 F. Supp. 2d 925, 929 (W.D. Tenn. 2001) (*citing Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Here, Plaintiff's statement of issues indicates he is unable to pay the filing fee due to the alleged injustices against him that form the basis of the complaint. [Doc. 17 at 2]. His complaint asserts that he is a whistleblower who produced evidence of criminal misconduct on the part of President Barack Obama and Senator Bob Corker, among others. [Doc. 1 at 5]. He alleges he has been tortured and retaliated against, apparently culminating in his failure to obtain admission to various academic institutions. [*Id.* at 5, 6]. The financial information he provides appears to be incomplete, inconsistent, or at minimum, improperly stated.

On May 6, 2020, the undersigned issued a Report and Recommendation determining Plaintiff's claims to be frivolous and recommending their dismissal. [Doc. 10 at 4]. United States District Judge Travis McDonough accepted and adopted this determination. [Doc. 13 at 4]. Due to the volume of Plaintiff's frivolous filings, Chief Judge Pamela L. Reeves also issued an order restricting his filing abilities in this Court. *See In re Robert Modrall*, 3:20-mc-33 [Doc. 1]. The issues Plaintiff says he intends to pursue on appeal relate to the same frivolous allegations he has

already raised before this Court. *See Wilson*, 178 F. Supp. 2d at 929 ("The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous."). Plaintiff does not appear to seek appellate review of any issue that is not frivolous, and accordingly, his appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(4).

### III. Conclusion

Because Plaintiff's claims are frivolous and wholly without merit, the undersigned recommends that the Motion for Leave to Appeal In Forma Pauperis [Doc. 17] be denied. The undersigned further recommends that the District Judge certify that the appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to Rule 72(b)'s requirements. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).